OPINION
{¶ 1} Appellant, Devin D. McDonald, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court sentenced McDonald to an aggregate prison term of nine years for his convictions for kidnapping and aggravated robbery, with a firearm specification.
 {¶ 2} On February 18, 2005, three men robbed a restaurant in Mentor, Ohio, at gunpoint. In relation to this incident, McDonald was indicted on one count of aggravated robbery, with a firearm specification, a first-degree felony; one count of kidnapping, a first-degree felony; one count of theft, a fifth-degree felony; and one count of safecracking, a fourth-degree felony. McDonald pled guilty to the aggravated robbery count, with a firearm specification, as well as the kidnapping count. The remaining charges were dismissed.
 {¶ 3} The trial court sentenced McDonald to six-year prison terms on the aggravated robbery and kidnapping convictions. These sentences were ordered to be served concurrently. In addition, the trial court imposed a three-year sentence for the firearm specification, to be served consecutively to the six-year terms. Thus, McDonald's aggregate prison sentence was nine years.
 {¶ 4} McDonald raises the following assignments of error:
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant appellant's state and federal constitutional rights to trial by jury.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant in ordering a term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts."
 {¶ 7} At the time of sentencing, the trial court was required, pursuant to R.C. 2929.14(B), to make findings in order to issue sentences that were more than the statutory minimum. However, these judicial findings are inconsistent with the United States Supreme Court's opinion in Blakely v.Washington.[1]
 {¶ 8} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[2]
 {¶ 9} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[3]
 {¶ 10} The trial court's six-year sentences were "more than the minimum" sentences, which were arrived at via judicial factfinding. Thus, pursuant to State v. Foster, these sentences are unconstitutional.[4]
 {¶ 11} Our analysis turns to the three-year sentence the trial court imposed for the firearm specification on the aggravated robbery conviction. The Supreme Court of Ohio has recently issued an opinion holding that an appellate court may only consider the sentences that the appellant challenges on appeal.[5] The sentence for the firearm specification was mandatory and imposed pursuant to R.C. 2929.14(D)(1)(a)(ii) and R.C. 2941.145. No judicial factfinding was required for the imposition of this sentence. Since this sentence does not violateState v. Foster and was not raised on appeal, we will not disturb it.[6]
 {¶ 12} McDonald's first assignment of error has merit. McDonald's second assignment of error is moot.
 {¶ 13} The judgment of the trial court regarding McDonald's felony sentences is vacated and reversed. The matter is remanded for resentencing on these counts, pursuant to State v.Foster.[7] The sentence imposed for the firearm specification remains undisturbed.[8]
Ford, P.J., concurs,
Grendell, J., concurs in judgment only.
[1] Blakely v. Washington (2004), 542 U.S. 296. See, also,State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] State v. Foster, at paragraph one of the syllabus, following Apprendi v. New Jersey (2000), 530 U.S. 466 andBlakely v. Washington, supra.
[3] State v. Foster, paragraph two of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[4] State v. Foster, paragraph one of the syllabus.
[5] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, at paragraph three of the syllabus.
[6] Id. at ¶ 19 and 30.
[7] State v. Foster, at ¶ 104.
[8] State v. Saxon, supra.