OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Devin D. McDonald, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court sentenced McDonald to an aggregate prison term of nine years for his convictions for kidnapping and aggravated robbery, with a firearm specification. *Page 2 
 {¶ 2} McDonald was indicted on one count of aggravated robbery, with a firearm specification, a first-degree felony; one count of kidnapping, a first-degree felony; one count of theft, a fifth-degree felony; and one count of safecracking, a fourth-degree felony. McDonald pled guilty to the aggravated robbery count, with a firearm specification, as well as the kidnapping count. The remaining charges were dismissed.
 {¶ 3} The trial court sentenced McDonald to six-year prison terms on the aggravated robbery and kidnapping convictions. These sentences were ordered to be served concurrently. In addition, the trial court imposed a three-year sentence for the firearm specification, to be served consecutively to the six-year terms. Thus, McDonald's aggregate prison sentence was nine years.
 {¶ 4} McDonald appealed his original sentence to this court. This court reversed the judgment entry of sentence and remanded the matter for a resentencing hearing pursuant to State v. Foster.[1]
 {¶ 5} On remand, the trial court again sentenced McDonald to six-year prison terms on the aggravated robbery and kidnapping convictions, to be served concurrently. The trial court imposed a three-year sentence for the firearm specification, to be served consecutively to the six-year terms. Upon resentencing, McDonald's aggregate prison sentence was nine years.
 {¶ 6} McDonald has appealed the trial court's resentencing judgment entry to *Page 3 
this court, raising the following assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators."
 {¶ 12} Collectively, McDonald asserts his sentence is unconstitutional, because he committed his crime prior to the Supreme Court of Ohio's decision in State v. Foster,[2] but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed McDonald's exact arguments in the case of State v.Elswick[3] In State v. Elswick, this court found the verbatim assignments of error that are raised in this appeal to be without merit.[4] *Page 4 
 {¶ 13} Based on the authority of State v. Elswick, McDonald's assignments of error are without merit.
 {¶ 14} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. McDonald, 11th Dist. No. 2005-L-113, 2006-Ohio-2495, at ¶ 13, citing State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 104.
[2] See State v. Foster, supra.
[3] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[4] Id. at ¶ 5-55. *Page 1